UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-23776-CIV-Moore/Torres

WENDY RUIZ, *et al.,* on behalf of themselves
and all others similarly situated,

        Plaintiffs,

v.

GERALD ROBINSON, *et al.*,

        Defendants.

_____/

## DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

Defendants hereby move to dismiss Plaintiffs' Amended Complaint, Doc. 29, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Plaintiffs seek a declaration and injunction precluding Defendants from classifying dependent college and university students as non-residents for tuition purposes, where the legal residency of the students' parents in Florida is not demonstrated. Significantly, Plaintiffs do not deny that, if they applied for the lower tuition rates in their own right as independent persons, and demonstrated their own legal residency in Florida, they would qualify for the lower tuition rates. Hence, it is Plaintiffs' dependence on their parents, whose residency cannot be demonstrated, and not Plaintiffs' own residency that determines the tuition rates to be charged.

Defendants respectfully request that the Court dismiss Plaintiffs' Complaint on two separate grounds. *First*, Count I does not state a cause of action for violation of the Equal Protection Clause. For purposes of determining tuition rates for students attending in-state public universities and colleges, the law does not require that a State treat as the same (1)

dependent persons who are the children of nonresident or undocumented parents, and (2) dependent persons who are the children of resident parents.  Nor, for those purposes, does the law require that a State treat as the same (1) dependent persons who fail to establish their parents' in-state residency, and (2) independent persons who establish their own in-state residency.  Thus, no claim for relief under 42 U.S.C. § 1983 arises.

*Second*, Count II does not state a cognizable Supremacy Clause claim, and Plaintiffs' ancillary reference to 42 U.S.C. § 1983 does not cure that fundamental failure.  No facts supporting an independent violation of Plaintiffs' rights under federal law have been pleaded that give rise to a claim of Supremacy Clause violation, and no basis arises from the allegations to infer any attempt by any branch of the State of Florida to regulate or otherwise interfere in the areas of immigration and citizenship.

For these reasons, Plaintiffs' Complaint should be dismissed with prejudice.

## Standard of Review

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must be dismissed for failure to state a claim upon which relief can be granted where "it appears beyond doubt that a plaintiff can prove no set of facts in support of his claim that would entitle him to relief."  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Bracewell v. Nicholson Servs.*, 680 F.2d 103, 104 (11th Cir. 1982).  Although a court should accept a plaintiff's well-pleaded factual allegations as true and draw all reasonable inferences in his or her favor, *see Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), a plaintiff must do more than merely "label" his or her claims.  *See Blumel v. Mylander*, 919 F. Supp. 423, 425 (M.D. Fla. 1996).  Moreover, "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not

prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002) (citation omitted).

## Argument

I. **STATES MAY LAWFULLY REFUSE TO PROVIDE LOWER IN-STATE TUITION RATES WHERE DEPENDENT CHILDREN'S PARENTS RESIDE OUT-OF-STATE OR ARE UNDOCUMENTED.**

As a matter of law, States, and their public universities and colleges, may provide tuition discounts to residents and their dependent children to attend such State schools. And States may refuse to extend the benefit of those discounts to out-of-state residents, persons whose residency is undocumented, and their children. The Equal Protection Clause simply does not give rise to a cause of action for Plaintiffs, dependents of undocumented parents, to demand the benefit of lower tuition rates to attend public universities and colleges in Florida. Nor does 42 U.S.C. § 1983 afford Plaintiffs a remedy here. Accordingly, Count I of the Amended Complaint should be dismissed with prejudice.

The Equal Protection Clause of the Fourteenth Amendment is "essentially a direction that all persons similarly situated should be treated alike." *Jubilee v. Horn*, 975 F. Supp. 761, 766-67 (E.D. Pa. 1997) (quoting *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985)). A state law classification that "neither burdens a fundamental right nor targets a suspect class" will be upheld "so long as it bears a rational relation to some legitimate end." *Vacco v. Quill*, 521 U.S. 793, 799 (1997). "In order to state a claim under the equal protection clause, '[a] complaint need only allege that plaintiff was intentionally treated differently from those similarly situated.'" *Ward v. Temple Univ.*, No. Civ. A 02-7414, 2003 WL 21281768, at *6 (E.D. Pa. Jan. 2, 2003) (quoting *Sabatini v. Reinstein*, No. Civ. A 99-2393, 1999 WL 636667, at *2 n. 4 (E.D. Pa. Aug. 20, 1999)).

A State has a recognized, legitimate interest in not only protecting and preserving the quality of its colleges and universities, but also providing a preferential tuition rate to its residents. *See Vlandis v. Kline*, 412 U.S. 441, 452-53 (1973), *limited on other grounds by Weinberger v. Salfi*, 422 U.S. 749 (1975). Accordingly, a State may classify students on the basis of residency for the purpose of charging tuition. *See West v. Bowers*, 502 P.2d 270, 274 (Or. App. 1972) (rejecting as meritless "petitioner's position that it is unconstitutional to charge nonresident students higher tuition rates"). To enforce such a classification, a State can define a resident for the purposes of tuition differently from a resident for other purposes. *See Thompson v. Bd. of Regents of the Univ. of Nebraska*, 188 N.W.2d 840, 843 (Neb. 1971) ("At this point it is clear that: (1) The state has the power to classify students on the basis of residency for the purpose of charging tuition, and (2) to enforce such a classification a state has the power to define a resident for purposes of tuition differently than a resident for other purposes.").

In the present case, Plaintiffs in essence allege that, for tuition purposes, the State is wrongly treating them differently from other students who reside in Florida. But, as shown, States have the right to draw distinctions, for tuition purposes, based on residency. Under the statutes and rules that Plaintiffs are challenging, the relevant classification inquiry turns on the students' dependence or independence, and for dependent children properly looks to whether the parents can establish Florida residency. Plaintiffs have not stated a valid equal protection claim because the statutes and rules at issue treat all dependent students the same in assessing residency for tuition purposes. All dependent students are subject to the same standards under section 1009.21, Florida Statutes (2011), and the rules promulgated pursuant thereto.

Florida has acted wholly within its rights, and is not in violation of the Equal Protection Clause, in treating the dependent children of undocumented parents the same as dependent

children of out-of-state parents with respect to tuition rates. Thus, no remedy arises under 42 U.S.C. § 1983, and as a consequence Count I should be dismissed with prejudice.

## II. COUNT II DOES NOT STATE A COGNIZABLE SUPREMACY CLAUSE CLAIM.

Additionally, Count II of the Amended Complaint should be dismissed for failure to state a claim.

The gist of Count II is that the Defendants' alleged "policy and practice of classifying dependent United States citizen students who reside in Florida as 'non-residents' based on their parents' federal immigration status violates the Supremacy Clause[,]" Amended Complaint ¶ 76, and entitles them to relief under 42 U.S.C. § 1983, Amended Complaint ¶ 78. However, these are merely conclusory allegations, devoid of support in law or reason.

It is settled that the Supremacy Clause, Article VI, clause 2 of the United States Constitution, does not in itself create any private cause of action, including any cause of action under section 1983. The United States Supreme Court made this abundantly clear in *Golden State Transit Corp. v. City of Los Angeles*, 493 U.S. 103 (1989), where it stated:

> Respondent argues that the Supremacy Clause, of its own force, does not create rights enforceable under § 1983. We agree. "[T]hat clause is not the source of any federal rights"; it "'secure[s]' federal rights by according them priority whenever they come in conflict with state law." [Citations omitted.]

*Golden State Transit*, 493 U.S. at 106 (citations omitted). Thus, mere invocation of the Supremacy Clause is insufficient to state a claim of rights that are enforceable under section 1983 or otherwise. Any such rights must be shown to originate elsewhere.

Likewise, section 1983 does not itself give rise to a private remedy. Rather, it provides a remedy to vindicate rights created by *other* sources under federal law. In *Gonzaga Univ. v. Doe*, 536 U.S. 273 (2002), the Supreme Court – rejecting the claim that the Family Educational Rights

5

and Privacy Act of 1974 (FERPA), 20 U.S.C. § 1232g, created enforceable personal rights under section 1983 – stated:

> Once a plaintiff demonstrates that a statute confers an individual right, the right is presumptively enforceable by § 1983. But the initial inquiry – determining whether a statute confers any right at all – is no different from the initial inquiry in an implied right of action case, the express purpose of which is to determine whether or not a statute "confer[s] rights on a particular class of persons. … This makes obvious sense, since § 1983 merely provides a mechanism for enforcing individual rights "secured" elsewhere, *i.e.*, rights independently "secured by the Constitution and laws" of the United States. "[O]ne cannot go into court and claim 'a violation of § 1983' – for § 1983 by itself does not protect anyone against anything.

*Gonzaga Univ.*, 536 U.S. at 284-85 (citations omitted).

Moreover, even where federal preemption can be shown, it does not necessarily follow that a claim arises under section 1983. The Court in *Golden State Transit* further noted:

> Given the variety of situations in which preemption claims may be asserted, in state court and in federal court, it would obviously be incorrect to assume that a federal right of action pursuant to § 1983 exists every time a federal rule of law preempts state regulatory authority.

*Golden State Transit*, 493 U.S. at 107-08.

In the case at bar, Plaintiffs in Count II cite no basis other than section 1983 to predicate their Supremacy Clause claim. Beyond that, they merely assert without support that the areas of immigration and citizenship are "exclusively vested in the federal government," while also failing to connect any sort of federal preemption to their claim. In these regards, Count II fails to state a cause of action.

Furthermore, even if federal law completely preempted state law in the areas of immigration and citizenship, Count II nevertheless would fail to state a claim because no reasonable inference arises that any Defendant, or the State of Florida in any other capacity, has interfered in any way with immigration or citizenship. No federal law or foreign policy is

implicated. No barrier to entry into Florida is claimed to exist. No impact on commerce between any person or company in Florida and any person or company in any foreign nation is alleged. Indeed, the allegations attest to the fact that Plaintiffs already are *here* in Florida, and have resided here for several years. And whatever other ramifications may attend their parents' lack of documentation to show their own entitlement to be here, the allegations further attest to the parents' presence in Florida.

Thus, Plaintiffs' Supremacy Clause claim is unsupported in law and is contrary to logic and common sense, warranting its dismissal with prejudice.

## CONCLUSION

For the foregoing reasons, Defendants respectfully submit that Plaintiffs' Amended Complaint should be dismissed with prejudice.

Respectfully submitted,

**PAMELA JO BONDI**
**ATTORNEY GENERAL OF FLORIDA**

Charles Deal
General Counsel
Florida Department of Education
1244 Turlington Building
Tallahassee, Florida 32399-0400
(850) 245-0442; (850) 245-9379 (facsimile)
charles.deal@fldoe.org

Vikki Shirley
General Counsel
Florida Board of Governors
1614 Turlington Building
Tallahassee, Florida 32399-0400
(850) 245-0466
vikki.shirley@flbog.edu

/s/ Blaine H. Winship
Blaine H. Winship (FBN 0356913)
Special Counsel
Timothy D. Osterhaus (FBN 0133728)
Deputy Solicitor General
Office of the Attorney General of Florida
The Capitol, Suite PL-01
Tallahassee, Florida 32399-1050
Telephone: (850) 414-3300
Facsimile: (850) 488-4872
Email: blaine.winship@myfloridalegal.com

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

  I hereby certify that, on this 20th day of March, 2012, the foregoing was filed with the Court through the Court's CM/EMF system and served, by way of electronic notification through that system and by way of direct e-mail, upon all counsel of record for all Plaintiffs, including:

| | |
|---|---|
| Jerri Katzerman, Esq.<br>Southern Poverty Law Center<br>400 Washington Avenue<br>Montgomery, AL  36104<br>Tel. (334) 956-8320<br>Email: jerri.katzerman@splcenter.org | Maria Morris, Esq.<br>Southern Poverty Law Center<br>400 Washington Avenue<br>Montgomery, AL  36104<br>Tel. (334) 956-8320<br>Email: maria.morris@splcenter.org |
| Tania Galloni, Esq.<br>Southern Poverty Law Center<br>4770 Biscayne Boulevard, Suite 760<br>Miami, FL  33137<br>Tel. (305) 537-0573<br>Email: tania.galloni@splcenter.org | Miriam Haskell, Esq.<br>Southern Poverty Law Center<br>4770 Biscayne Boulevard, Suite 760<br>Miami, FL  33137<br>Tel. (786) 472-2056<br>Email: miriam.haskell@splcenter.org |

             /s/ Blaine H. Winship
             Blaine H. Winship
             Special Counsel
             Office of the Attorney General of Florida
             The Capitol, Suite PL-01
             Tallahassee, Florida 32399-1050
             Tel.: (850) 414-3300
             Fax: (850) 488-4872
             Email: blaine.winship@myfloridalegal.com