IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 1:11-cv-23776-KMM

WENDY RUIZ, et al.,

    Plaintiffs,

vs.

GERARD ROBINSON, et al.,

    Defendants.
_____/

### ORDER DENYING PLAINTIFFS' MOTION TO CERTIFY CLASS

THIS CAUSE came before the Court upon Plaintiffs' Motion to Certify Class (ECF No. 53). Defendants' filed a Response (ECF No. 58) and Plaintiffs filed a Reply (ECF No. 59). The Motion is now ripe for review. UPON CONSIDERATION of the Motion, the Response, the Reply, the Amended Complaint (ECF No. 29), the pertinent portions of the record, and being otherwise fully advised in the premises, this Court enters the following Order.

### I. BACKGROUND[1]

This is an action for violations of the Equal Protection Clause of the Fourteenth Amendment and the Supremacy Clause of the United States Constitution. Plaintiffs allege that certain policies of the Florida State Board of Education and the Florida Board of Governors violate their constitutional rights. Plaintiffs seek declaratory and injunctive relief on behalf of themselves and all others similarly situated.

Plaintiffs are individuals who have applied to public colleges and universities in the State of Florida. Plaintiffs are natural born citizens and have resided in Florida for at least twelve

---

[1] The facts herein are taken from Plaintiffs' Amended Complaint.

1

consecutive months prior to each Plaintiff applying to a public institution of higher education. However due to the Defendants' policies, Plaintiffs are not eligible to receive lower tuition rates as residents of Florida. This results because Plaintiffs are dependents whose parents are undocumented immigrants who cannot establish legal residence in Florida.

Under Florida law, individuals are classified as residents and non-residents in order to determine tuition rates for public colleges and universities. See FLA. STAT. § 1009.21. The definition of a "legal resident" or "resident" is "a person who has maintained his or her residence in this state for the preceding year, has purchased a home which is occupied by him or her as his or her residence, or has established a domicile in this state . . . ." Id. § 1009.21(1)(d). The statute further distinguishes between individuals who are independent from those that are dependent in establishing in-state residency. A "dependent" is "any person, whether or not living with his or her parent, who is eligible to be claimed by his or her parent as a dependent under the federal income tax code." Id. § 1009.21(1)(a). To establish residency for tuition purposes, "[a] person or, if that person is a dependent child, his or her parent or parents must have established legal residence in this state and must have maintained legal residence in this state for at least 12 consecutive months immediately prior to his or her initial enrollment in an institution of higher education." Id. § 1009.21(2)(a)1.

Pursuant to section 1009.21, the State Board of Education and the Board of Governors are authorized to adopt additional regulations in order to implement the statute. Id. § 1009.21(13). Both the State Board of Education and the Board of Governors have adopted additional criteria in determining residency for tuition purposes. See FLA. ADMIN. CODE r. 6A-10.044; FLA. ADMIN. CODE r. 72-1.001. Both regulations provide, *inter alia*, additional criteria in determining residency when an individual or the parents of a dependent are not citizens of the

United States. For example, "[t]he student, and parent if the student is a dependent, must present evidence of legal presence in the United States." FLA. ADMIN. CODE r. 72-1.001(5)(a)3; see also FLA. ADMIN. CODE r. 6A-10.044(4).

In light of these regulations, Plaintiffs allege that they have been wrongfully classified as "non-residents" of the State of Florida and charged higher tuition. Plaintiffs claim this classification is the sole result of their inability to establish their parents' lawful immigration status. Plaintiffs' Amended Complaint alleges that the Defendants' regulations violate the Equal Protection Clause of the Fourteenth Amendment and the Supremacy Clause of the United States Constitution. Plaintiffs now seek an order certifying this matter as a class action.

## II. CLASS CERTIFICATION

"For a district court to certify a class action, the named plaintiffs must have standing, and the putative class must meet each of the requirements specified in Federal Rule of Civil Procedure 23(a), as well as at least one of the requirements set forth in Rule 23(b)." Klay v. Humana, Inc., 382 F.3d 1241, 1250 (11th Cir. 2004). Rule 23(a) requires a putative class to meet the requirements of numerosity, commonality, typicality, and adequacy of representation. See FED. R. CIV. P. 23(a); Vega v. T-Mobile U.S.A., Inc., 564 F.3d 1256, 1265 (11th Cir. 2009). Here, Plaintiffs seek certification pursuant to Rule 23(b)(2), which requires "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." FED. R. CIV. P. 23(b)(2). While a district court must not decide the merits of the case at the class certification stage, it "can and should consider the merits . . . to the degree necessary to determine whether the requirements of Rule 23 will be satisfied." Vega, 564 F.3d at 1266 (citations omitted). "The burden of proof to establish the propriety of class certification rests

3

with the advocate of the class." Valley Drug Co. v. Geneva Pharms., Inc., 350 F.3d 1181, 1187 (11th Cir. 2003) (citations omitted).

In addition to these requirements, "a district court should ask itself whether the need for the class exists to offset the concomitant expense and complexities associated with class action suits." McArthur v. Firestone, 690 F. Supp. 1018, 1018 (S.D. Fla. 1988) (citation omitted). "[T]he vast majority of courts . . . [accept] the need requirement . . . as an appropriate consideration when certifying a Rule 23(b)(2) action." 7AA CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1785.2 (3d ed.). Although not an express requirement, this factor should be analyzed because Plaintiffs are seeking injunctive and declaratory relief against State officials, which if granted, would equally benefit all members of the putative class. See Access Now Inc. v. Walt Disney World Co., 211 F.R.D. 452, 455 (M.D. Fla. 2001) (stating that class certification is unnecessary because "all relief . . . would inure to similarly situated persons without the necessity of class certification"). Although Plaintiffs are correct that Rule 23(b)(2) was designed for allegations seeking injunctive and declaratory relief—that in itself does not require an action to be certified. See Reply, at 9. Here, the expense, due process considerations, and burden of maintaining a class action outweigh granting class certification. See McArthur, 690 F. Supp. at 1019 (stating that "[t]here is no benefit to having a class when 'there is no reason to doubt that the defendants would accord to all members of the proposed class the benefits of any judgment accorded to the plaintiffs'") (citation omitted).

Plaintiffs argue that a class action is necessary in light of the possibility of the named Plaintiffs' claims becoming moot. Reply, at 9-10. The named Plaintiffs allege that their claims will become moot once they reach the age of twenty-four and are classified as independents. Id. at 10. Although this Court recognizes the danger of mootness in certain circumstances, this is

4

not a situation where a class action should be certified for the mere possibility of mootness. See Johnson v. Opelousas, 658 F.2d 1065, 1069-1072 (11th Cir. 1981) (finding trial court abused its discretion in denying certification were plaintiff only had ten months until his claims where mooted by reaching the age of majority); Lebron v. Wilkins, 277 F.R.D. 664, 666 (M.D. Fla. 2011) (certifying class action on mootness grounds where applicant's claim against agency for benefits under federal program could be mooted if applicant found employment); Hamilton v. Hall, No. 10-cv-355-MCR-EMT, 2011 WL 2161139, at *1 (M.D. Fla. May 26, 2011) (certifying class action because "of the transitory nature of incarceration in a county jail, the claims of the named plaintiff could become moot at any time upon her release, as demonstrated by the fact that a number of individuals originally named as plaintiffs in this action have already dismissed their claims because of their release").

Despite Plaintiffs' contention, the instant action does not present an imminent danger of the named Plaintiffs' claims becoming moot. For example, one of the named Plaintiffs in this action is only eighteen years old and withdrew from pursuing her higher education degree after being denied the in-state tuition rate. Decl. of Roa, ¶¶ 2, 6 (ECF No. 53-4); see also Decl. of Romero, ¶¶ 2, 6 (ECF No. 53-5) (nineteen years old). As Plaintiffs' acknowledge, the Defendants' policies only permit the Plaintiffs to be recognized as independents "when they turn 24 years old unless one of a few narrow exceptions is met." Plf. Mot. for Summary J., at 9 n.8 (ECF No. 75). Thus, the aforementioned Plaintiff has approximately six years until her claim is mooted by attaining independent status. Indeed, the oldest named Plaintiffs in this action are still only twenty years old. See Decl. of Ruiz, ¶ 2 (ECF No. 53-2); Decl. of Saucedo, ¶ 2 (ECF No. 53-3); Decl. of Perez, ¶ 2 (ECF No. 53-6). This Court does not find an imminent threat of mootness which would require this case to be certified as a class action in order to protect

5

putative class members' interests. Accordingly, this Court declines to certify the putative class pursuant to FED. R. CIV. P. 23(b)(2).

## III. CONCLUSION

For the foregoing reasons, it is

ORDERED AND ADJUDGED that Plaintiffs' Motion for Class Certification (ECF No. 53) is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this 9th day of August, 2012.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc:     All counsel of record